EDWARD A. MALM v. GEORGE M. SHEPARD AND OTHERS.[1]

November 25, 1949.

No. 34,967.

[1]Reported in 40 N. W. (2d) 72.

*C. Alfred Bergsten,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Lewis L. Anderson,* Special Assistant Attorney General, for respondents.

MAGNEY, JUSTICE.

Edward A. Malm applied to the district court of Ramsey county for a writ of mandamus, directed to respondents, members and counsel of the state board of registration for architects, engineers, and land surveyors, commanding them to issue to him a certificate of registration as an architect. From an adverse judgment, he appeals.

The statute[2] under which Malm claims he is entitled to registration reads in part as follows:

"The Board shall, on application therefor, on prescribed form and the payment of a fee * * * issue a certificate of registration as an architect * * *;

"1. To any person over twenty-five (25) years of age, * * *; who is of good character and repute, and has been actively engaged for six or more years in architectural * * * work, * * *. The character of such work shall be equal to the standards fixed by the Board. * * *

* * * * *

"When the evidence presented by an applicant for a certificate of registration does not appear to the Board as conclusive or as war-

---

[2]L. 1921, c. 523, § 9.

ranting the issuance of a certificate, the Board may require further evidence to be presented, or may subject the applicant to such examination as may be deemed necessary to establish his qualifications."

 On November 19, 1931, Malm appeared before the secretary of the board with a Class 1 application for a certificate of registration. A Class 1 application is one for a certificate based on applicant's practice of architecture for the required number of years. The secretary persuaded him to change his application from one for a certificate of registration to one for an application to take an examination. Accordingly, Malm drew diagonal lines through that part of his application wherein he applied for a certificate of registration and filled out the same as a Class 3 application to take an examination. Thereupon the application was filed. He took the examination and failed. On December 14, 1933, he wrote the board advising them that it would be impossible for him to complete his examination and requesting the refund of his $25 examination fee. It was refunded. On May 6, 1940, upon the filing of a second application for permission to take an examination, he wrote another examination. He received a grade of 282, whereas a minimum of 450 was required, thus failing a second time. Immediately preceding the commencement of this action in 1946, he filed an application for registration without examination. Since in 1945[3] the legislature had amended the act which provides for the registration of architects, engineers, and land surveyors by adding: "The board may subject *any* applicant to such *examinations* as may be deemed necessary to establish his qualifications" (italics supplied), Malm could not be issued a certificate in any case without examination if the board so required.

Malm bases his claimed right to a certificate of registration on the application which he submitted to the secretary of the board in 1931, not on the application he filed in 1946. The application form is lengthy and calls for the usual personal identification, education of applicant, his work experience, and character references. The same form was used in applying for registration under the so-

[3]L. 1945, c. 380, § 3, subd. 2, M. S. A. 326.10, subd. 2.

called "grandfather" clause and in applying for permission to take the examination. The application as finally submitted to the board was not an application for registration under the "grandfather" provision, but an application for permission to take the examination. The trial court found that Malm filed an application for permission to take the examination, and that he did not apply for registration as an architect without examination under the "grandfather" provision. This finding is amply supported by the evidence. A contrary finding could not be sustained.

Other issues are raised in the case. In view of the finding of the court, so fully supported by the evidence, that Malm filed no application for certificate of registration under the "grandfather" clause, there is no object in lengthening this opinion.

In our opinion, the trial court disposed of this matter correctly. Judgment affirmed.